Mr. James Ward, Executive Director Arkansas State Board of Public Accountancy 1515 West Seventh, Suite 320 Little Rock, AR 72201
Dear Mr. Ward:
This is in response to your request for an opinion concerning the word "principal" as it is used in Section 5 of Act 160 of 1975. Specifically, you have noted that this section "spells out the qualifications that an individual must meet to become registered as a Public Accountant." The language about which you inquire is as follows:
 Persons who held themselves out to the public as Public Accountants and were engaged as principals (as distinguished from employees) July 1, 1974, in the practice of public accounting as their principal occupation.
You note that the Board has interpreted the language above to require that a person must have derived fifty percent (50%) or more of his/her income from the practice of public accounting, and that they must have been self-employed as opposed to an employee of a public accounting firm. You have asked for our opinion "regarding the definition of the word `principal'" as used in this section.
We should note that Section 5 of Act 160 of 1975 is discussed in the Publisher's Note to A.C.A. 17-12-106. It is not codified as a statute in the Code. The Publisher's Note states:
 Acts 1975, No. 160, as amended, exempted the following persons from the certification requirements of subchapter 3 of this chapter if they registered as public accountants prior to October 9, 1975: Any persons who: (1) were residents of Arkansas, or had a place of business therein; and (2) were of good moral character; and (3) either: (A) held themselves out to the public as public accountants and were engaged as principals, as distinguished from employees, on July 1, 1974, in the practice of public accounting as their principal occupation: or (B) were serving in the armed forces of the United States of America on July 1, 1975, and, immediately prior to entering such service, held themselves out to the public as public accountants and were engaged as principals, as distinguished from employees, in the practice of public accounting as their principal occupation for one year. . . . [Emphasis added.]
We must point out that the Attorney General, as a member of the Executive Department, cannot provide a controlling definition of a term where the legislature has elected not to provide one. Thus, we cannot, in an official opinion, advise you in a conclusive manner as to what the word "principal" means as it is used in Act 160 of 1975.
The word "principal" is used twice in the language you cite. In order to be exempted from the certification requirements of the subchapter, individuals must have been engaged as "principals", in public accounting, and must have practiced public accounting as their "principal" occupation. Although we cannot provide a controlling definition, as discussed above, we will note that we agree with the board's interpretation that the term "principal" as it is used in the first sense refers to one who is self employed and not an employee. The term "principal" is defined by Webster's Seventh New Collegiate Dictionary, (1972) as meaning "a person who has controlling authority or is in a leading position. . . the person primarily or ultimately liable on a legal obligation". Webster's, supra at 676. It can be inferred from this definition that a "principal" does not have a "boss" and is thus self-employed. Additionally, "principals" are ordinarily liable for the debts of a business, as opposed to employees who ordinarily are not.
We are not as certain of the Board's interpretation of the term "principal" as it is used in reference to an individual's "principal occupation". The Board has interpreted this usage of the term by requiring that a public accountant derive fifty percent or more of his or her income from the practice of public accountancy. It is possible, in my opinion, that an individual could be engaged in the practice of public accountancy as a "principal occupation" and yet not derive fifty percent of his income from this profession. For example, an individual who has an extraordinary amount of income from investments or inheritance may not receive the bulk of his income from the practice of public accountancy, but it may as a matter of fact be the only occupation he has ever had. Tying the definition of someone's "principal occupation" to the income they receive from that occupation is only one way to define the term. Other possibilities include defining the term by how much time an individual spends at public accountancy as opposed to other occupations.
Thus, although we cannot supply a conclusive definition of the term for you, we are given some pause by the Board's current definition of an individual's "principal occupation".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.